IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01727-LTB-KLM

NANCY MCADOO,

    Plaintiff,

v.

ITT EDUCATIONAL SERVICES, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Strike Plaintiff's Expert Designation** [Docket No. 14; Filed April 11, 2011] (the "Motion"). Plaintiff filed a Response in opposition to the Motion on May 4, 2011 [Docket No. 17], and Defendant filed a Reply on May 23, 2011 [Docket No. 18]. Because of a new argument raised in the Reply, the Court directed Plaintiff to file a Surreply [Docket No. 20]. Plaintiff has now done so [Docket No. 21], and the Motion is ripe for resolution.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. The Court's ruling is explained below.

This matter involves a discrimination claim based on the American with Disabilities Act ("ADA"). Specifically, Plaintiff contends that Defendant (her former employer), failed to accommodate and discriminated against her on the basis of her disability. *See Scheduling Order* [#10] at 2. Among other defenses, Defendant contends that Plaintiff does not have a qualified disability within the meaning of the ADA. *Id.* at 3.

On March 7, 2011, Defendant received Plaintiff's expert disclosures regarding Dr. Roopa G. Kurse, M.D., who Plaintiff has designated as an expert in this matter. *See Motion* [#14] at 2. As a preliminary matter, pursuant to the Scheduling Order, affirmative experts and their reports were to be disclosed by March 4, 2011. *Scheduling Order* [#10] at 8. While the expert disclosures were mailed on March 4, 2011, see *Response* [#17] at 3, Defendant did not receive them until March 7, 2011. In addition to raising a timeliness issue, Defendant contends that the disclosures lacked information about Dr. Kurse's prior expert testimony and a statement of the compensation to be paid to Dr. Kurse as required by Fed. R. Civ. P. 26(a)(2)(B)(v) & (vi). As such, Defendant contends that the designation is untimely and insufficient and should be stricken.

Defendant also argues that the designation fails to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2) because Dr. Kurse's opinion "presents an entirely new disability for which Defendant has had no prior notice of until disclosure . . . ." *Motion* [#14] at 5. Specifically, since the case's inception, Plaintiff has alleged that she suffered from "multiple chemical sensitivity." *See Complaint* [#1] at 2. Moreover, Plaintiff's discovery responses affirmed that the alleged disability at issue here is multiple chemical sensitivity. *See Motion* [#14] at 6-7. However, for the first time in this litigation, Dr. Kurse's expert report identifies that Plaintiff suffers from "a panic disorder and agoraphobia." *Id.* at 5. Defendant argues that given the completion of discovery and that Plaintiff's deposition has already been taken, "[i]t is extremely prejudicial . . . for Plaintiff to attempt to alter the course of this litigation by disclosing a new theory of disability through a late and non-compliant expert disclosure." *Motion* [#14] at 7.

In response, Plaintiff contends that: (1) the designation of Dr. Kurse was timely

2

based on the date of mailing, (2) any inadequacies in the disclosures are harmless, have been remedied and have not otherwise prejudiced Defendant, and (3) Dr. Kurse's opinion is consistent with Plaintiff's allegations and discovery to date and, more specifically, merely provides context for Plaintiff's multiple chemical sensitivity, which remains the alleged disability at issue here.  *Response* [#17] at 2-4.  In relation to the last point, Plaintiff contends that "Dr. Kurse's report does not dispute that [Plaintiff] suffers from multiple chemical sensitivity, but rather attempts to identify the root cause of those symptoms."  *Id.* at 4.  Moreover, "Plaintiff is not altering her theory upon which her claims are asserted.  The fact that the physical limitations caused by the multiple chemical sensitivity are triggered by a psychological disorder does not diminish the Defendant's obligations under the ADA."  *Id.* at 5.

For the first time in its Reply, Defendant also contends that Dr. Kurse is not a retained expert.  In a letter Dr. Kurse sent to defense counsel, Dr. Kurse indicated that she has not examined Plaintiff since 2007, and she has "had no contact with [Plaintiff] since & <u>will not</u> be able to participate in any other matter for [Plaintiff's] legal proceeding."  *Reply* [#18] at 2 (quoting *Dr. Kurse Letter* [#18-3] at 1).  Given the difference in disclosure requirements for retained and nonretained experts, the Court directed Plaintiff to file a Surreply to address whether Dr. Kurse was retained or nonretained and whether she would be testifying on Plaintiff's behalf [Docket No. 19].  Plaintiff did so and indicated that Dr. Kurse is a <u>nonretained</u> expert and has now agreed to testify for Plaintiff.  *Surreply* [#21] at 2.

Prior to resolution of the Motion on its merits, the Court addresses Defendant's argument that Dr. Kurse's designation should be stricken because she is a nonretained

3

expert. As a preliminary matter, if Dr. Kurse is, in fact, a nonretained expert, Plaintiff's disclosures provide more than enough information to comply with her disclosure obligations under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(2)(C); *Silver v. Shapiro*, No. 10-cv-01856-CMA-KLM, 2011 WL 1321798, at *1-2 (D. Colo. Apr. 5, 2011) (unpublished decision). Accordingly, this argument does not advance Defendant's position. Nevertheless, the Court notes that Plaintiff's initial failure to identify Dr. Kurse as a nonretained expert in the pleadings related to the Motion unnecessarily delayed and complicated these proceedings.

On the other hand, leaving aside whether Plaintiff's characterization of Dr. Kurse as a nonretained expert is legally justified[1] and assuming that Dr. Kurse is a <u>retained</u> expert, Defendant's arguments to strike her as a witness are equally unavailing. As a preliminary matter, regardless of whether the mailbox rule applies to expert disclosures, Defendant has not asserted that any prejudice resulted from the three-day delay (which occurred over a weekend).[2] Moreover, Plaintiff has represented that any technical deficiencies associated with the disclosures have been remedied. *See Response* [#17] at 4. Again, Defendant has

---

[1] The ultimate burden of demonstrating that a designated expert is nonretained is on the party making the designation. *See Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *2 (D. Colo. June 17, 2010) (unpublished decision). This burden cannot be satisfied by making vague assertions that the expert is nonretained. *Id.* at *2-3. Rather, the party must produce some evidence that speaks to this issue. *Id.* at *3. Because it is unclear whether Defendant would oppose Plaintiff's characterization of Dr. Kurse as a nonretained expert, it is unnecessary to determine whether Plaintiff has met her burden.

[2] Ordinarily, the significance of alleged Fed. R. Civ. P. 26 errors is assessed by considering (1) the prejudice to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Here, I find that Defendant's lack of prejudice clearly weighs against striking the expert and obviates the necessity to balance the remaining factors.

failed to demonstrate any prejudice caused by the alleged late disclosure of information. To the extent that the delay impacts Defendant's ability to designate rebuttal experts, the proper result is the extension of certain deadlines. *See generally McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2003) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony."); *Harvey v. District of Columbia*, 949 F. Supp. 874, 877-78 (D.D.C. 1996) (denying a motion to preclude expert testimony even though the expert report that was disclosed was "woefully inadequate under Fed. R. Civ. P. 26(a)(2)(B)" because the moving party was not prejudiced by the inadequacy). The necessity of expert testimony in this matter counsels against a prophylactic dispositive sanction based on the conduct at issue here. *See Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604-05 (10th Cir. 1997) (recognizing that striking an expert on the basis of an untimely designation is a drastic sanction which should not be imposed lightly). While the Court does not condone Plaintiff's admitted failure to comply with the Court's expert designation deadline, the delay which occurred here is an insufficient basis to strike Dr. Kurse as an expert.

The remaining issue relates to the scope of Dr. Kurse's anticipated testimony. To the extent that Defendant's request to strike Dr. Kurse's designation as an expert is premised on the contention that Dr. Kurse's disclosures do not comply with Fed. R. Civ. P. 26(a)(2), I disagree. Although untimely, the disclosures appear to satisfy the technical requirements set forth in Rule 26(a)(2)(B)(i)-(vi).[3] As noted above, the untimeliness issue

---

[3] To the extent that Defendant's Reply could be interpreted to suggest for the first time that Dr. Kurse's report does not comply with Rule 26(a)(2)(B) because it was prepared in advance of this litigation, Defendant has provided no legal support for its new contention that the designation must be stricken on this basis.

5

justifies relief other than striking the expert as a discovery sanction. Further, although Dr. Kurse's report contains information beyond what Defendant was expecting, the Court makes two observations. First, Plaintiff represents that she is not changing the theory of liability of her case nor is she identifying a different disability as the basis for her discrimination claim here. According to counsel, Plaintiff continues to claim that she suffers from multiple chemical sensitivity and that Defendant discriminated against her on this basis. *See Response* [#17] at 4-5. Plaintiff is bound by her attorney's judicial admission, see *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005); *Baker v. Echostar Commc'ns Corp.*, No. 06-cv-01103, 2007 WL 4287494, at **14-15 (D. Colo. Dec. 4, 2007) (unpublished decision), as well as by the facts and claims raised in the operative Complaint. Second, to the extent that Defendant desires to refute the bases for Dr. Kurse's report or opinion, it may depose Plaintiff's expert and/or designate a rebuttal expert.[4]

The cases cited by Defendant in support of its contention that Dr. Kurse's designation should be stricken as a discovery sanction are inapposite. *See Global Naps, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 91-92 (1st Cir. 2000); *Martinez-Serrano v. Quality Health Servs. of P.R., Inc.*, 568 F.3d 278, 283 (1st Cir. 2009). First, neither case is binding legal authority in this Circuit. Second, both are distinguishable from the facts and circumstances here. For example, *Global Naps, Inc.* stands for the proposition that a party cannot provide an untimely supplementation to an expert's report which substantially differs from the expert's initial report. *Martinez-Serrano* addresses the circumstance where the expert dramatically changes his opinion on the eve of trial. Neither of these circumstances

---

[4] Because Plaintiff represents that she is not amending the disability that is at issue here, the Court does not find it necessary to reopen Plaintiff's deposition.

6

is present here where Plaintiff provided Dr. Kurse's initial report within three days of the expert designation deadline. Moreover, while the report contained information that Defendant was not expecting, it does not provide a new theory of liability or expand the claimed disabilities suffered by Plaintiff <u>for which she seeks legal relief</u>.

To the extent that Defendant's argument could be interpreted as an objection to the relevance of the expert's expected testimony (given that the Complaint does not raise any disability or medical condition other than multiple chemical sensitivity), this is actually an evidentiary, as opposed to a discovery, issue. *See generally Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (noting that Rule 702 controls both the question of whether there is "a reliable foundation" for the expert's testimony but also whether that testimony "is relevant to the task at hand"); *see also* 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2180, at 101-04 (2010) (noting that ultimate admissibility of discovery at trial is an evidence issue, not a discovery issue).

Whether Plaintiff's expert should be permitted to testify as to the alleged underlying basis for the disability at issue is a question for the District Judge to be decided if Plaintiff attempts to put such information into evidence. *See, e.g.*, *Myers v. Mid-West Nat'l Life Ins.*, No. 04-cv-00396-LTB-KLM, 2008 WL 2396763, at *1 (D. Colo. June 9, 2008) (unpublished decision) (refusing to consider question of relevance of expert's purported testimony outside of a Rule 702 motion presented to the trial judge). At this stage, it is premature to determine the admissibility of the opinions at issue in the report. *See Cook v. Rockwell Int'l*, 181 F.R.D. 473, 488 (D. Colo.1998) (holding that until expert opinion is offered into evidence, the Court need to not consider its admissibility); *see also Friedland v. TIC - The Indus. Co.*, 04-cv-01263-PSF-MEH, 2007 WL 4688421, at *1 (D. Colo. Mar. 21, 2007)

(unpublished decision) (holding that the issue of the relevance of an expert's testimony and, hence, its admissibility, "is best left to the District Judge prior to trial through a separate Rule 702 motion" (citing *Daubert,* 509 U.S. at 591).  Accordingly, the Motion is denied.

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the following case deadlines.

- Rebuttal Expert Disclosure Deadline		**June 30, 2011**
- Discovery Deadline		**July 29, 2011**
- Dispositive Motions Deadline		**August 30, 2011**

Dated:  June 6, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix